IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| EDUARDO ARRECHAVALETA, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION NO.: CV512-023 |
| DONALD STINE, Warden;<br>DHS - ICE, Field Officer Director<br>"Counsel General"; and GEO<br>GROUP, a Florida Corporation, | : | |
| Respondents. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eduardo Arrechavaleta ("Arrechavaleta"), who is presently housed at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Arrechavaleta filed a Traverse. For the reasons which follow, Arrechavaleta's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Arrechavaleta was convicted in the Southern District of Florida, after pleading guilty to: conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); money laundering, in violation of 18 U.S.C. §§ 1957 and 1965(a)(1)(B)(i); and structuring transactions to avoid currency reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2). (Doc. No. 11-10, p. 2). Arrechavaleta was sentenced

to 46 months' imprisonment (id. at p. 3), which was later reduced to 29 months' imprisonment. (Doc. No. 11, p. 2).

Arrechavaleta, a Cuban national who acquired status in the United States as a lawful permanent resident, asserts that he is challenging his present and future custody. Arrechavaleta seeks an order that the United States Immigration and Customs Enforcement ("ICE") does not have jurisdiction to file a detainer against him and that he is entitled to naturalization.

Respondent avers that Arrechavaleta is not entitled to the relief he seeks because he is not subject to an immigration detainer. Respondent also avers that, to the extent the Court finds Arrechavaleta is subject to an immigration detainer, the Court lacks jurisdiction to review these claims. Respondent also contends that Arrechavaleta is not a national and is not eligible for naturalization.

## DISCUSSION AND CITATION TO AUTHORITY

There is no evidence before the Court that ICE has issued a detainer against Arrechavaleta. Without evidence that Arrechavaleta faces the harm he alleges, this Court lacks jurisdiction to entertain his claims, as his claims do not appear to be ripe for judicial review. "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" United States v. Davenport, 668 F.3d 1316, 1319 (11th Cir. 2012) (quoting Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011). "[T]here are three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Id. (internal citation omitted) (alteration in original). Arrechavaleta does not present a claim relating to a detainer issue which is ripe for review.

Even if the Court were to find Arrechavaleta's claims are ripe for review (i.e., there is evidence that ICE issued a detainer against him), the Court still is without jurisdiction to review those claims. The Eleventh Circuit has held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security ("DHS") or ICE. Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990); Oguejiofor v. Attorney General of United States, 277 F.3d 1305, 1308 n.2 (11th Cir. 2002). This position is in accord with the majority of Courts of Appeals. See e.g., Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003); Garcia v. Taylor, 40 F.3d 299, 303-04 (9th Cir. 1994); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). "The underlying rationale of these courts is that a detainer, as distinguished from other [ICE] orders, does not put a 'hold' on" the individual. Ryan v. Dep't of Homeland Sec., No. 3:09cv399/LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010); accord Galaviz-Medina v. Wooten, 27 F.3d 487 (10th Cir. 1994) (noting that, when no detainer is lodged, § 2241 does not confer jurisdiction). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Id. (internal citation omitted). "In the immigration context, a detainer usually serves only as a notice to prison authorities that . . . ICE is going to be making a decision about the deportability of the alien in the future." Id. (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty." Id. "Because

there is no actual claim to the individual following the completion of his criminal sentence, there is no custody." Id.

The undersigned concludes that Arrechavaleta is not "in custody" of ICE for purposes of 28 U.S.C. § 2241 simply because ICE may have lodged a detainer against him. Arrechavaleta does not contend that ICE served him with an order to show cause or that there is some other reason he should be considered to be in the custody of ICE. Because Arrechavaleta is not "in custody" of ICE, this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to address his claims.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Arrechavaleta's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 23 day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned need not address Arrechavaleta's naturalization claim, as it does not appear the Court has jurisdiction to review the merits of this claim either. (Doc. No. 11, pp. 7-9).

AO 72A
Rev. 8/82)